IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ERRICK M. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 09-612-GMS |
| | ) | |
| PORTFOLIO RECOVERY AFFILIATES, et al, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

## I. INTRODUCTION

The plaintiff, Errick M. Wright ("Wright"), who proceeds *pro se*, filed this lawsuit on August 18, 2009, alleging violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 through 1692p. (D.I. 2.) He amended the complaint on September 18, 2009. (D.I. 6.) Before the court are several motions to dismiss, a motion for leave to amend, a motion to compel, and motions for extensions of time. (D.I. 13, 27, 31, 38, 39, 44, 47, 49, 57.) For the reasons that follow, the court will dismiss the amended complaint and will give Wright leave to file a second amended complaint.

## II. BACKGROUND

The original complaint alleges that the defendants RJM Acquisitions LLC ("RJM"),[1] Portfolio Recovery Affiliates ("Portfolio Recovery"),[2] Arrow Financial Services, Inc. ("Arrow Financial"), and First Premier Bank ("First Premier") violated the FDCPA "by use of false

---

[1] RJM was dismissed as a defendant on September 22, 2009. (*See* D.I. 6, ¶ 1.)

[2] Portfolio Recovery has not yet been served. (*See* D.I. 60.)

representation or other deceptive practices in an attempt to collect an alleged debt." (D.I. 2, ¶¶ 2-6.) Wright amended the complaint to add the defendants Trans Union, LLC ("Trans Union"),[3] Equifax, Inc. ("Equifax"),[4] Experian Information Solutions, Inc. ("Experian"), and Del-One ("Del-One"),[5] and alleges that Trans Union, Equifax, and Experian negligently reported incorrect and damaging information in Wright's credit profile and failed to investigate the validity of the information being reported to them by the defendants in this case. (D.I. 6.)

## III. DISCUSSION

### A. Motions to Dismiss

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Wright proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S.

---

[3]Trans Union was served in January 2011. (*See* D.I. 64.)

[4]The court docket does not indicate that Equifax has been served. An attorney for Equifax, however, has filed a motion on its behalf. (*See* D.I. 65.)

[5]On December 29, 2010, Wright and Del-One filed a stipulation of voluntary dismissal with prejudice. (*See* D.I. 61.) As a result, Del-One's pending motion to dismiss will be denied as moot. (D.I. 39.)

544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Wright has a "plausible claim for relief." *Id.* at 211; *see also Iqbal,* 129 S.Ct. at 1949; *Twombly,* 550 U.S. at 570. In other words, the complaint must do more than allege Wright's entitlement to relief; rather, it must "show" such an entitlement with its facts. A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

First Premier, Experian, Arrow Financial, and Equifax move for dismissal on the grounds that the complaint and amended complaint do not meet the pleading requirements of *Iqbal* and *Twombly.*[6] (D.I. 13, 27, 31, 65.) Wright opposes the motions and provides more detail in his

---

[6]Equifax joined Experian's motion to dismiss. (*See* D.I. 65.)

responses than contained in his complaint and its amendment.[7] His responses, however, do not change the allegations in his complaint. As the defendants correctly note, the complaint and its amendment consists of unsupported conclusions with no supporting facts. They are clearly deficiently pled. Accordingly, the court will grant the motions to dismiss. (D.I. 13, 27, 31, 65.) As discussed below, Wright will be given leave to amend.

**B. Motion for Leave to Amend**

While the motions to dismiss were pending, Wright filed a motion for leave of court to amend the complaint with a proposed second amended complaint. (D.I. 47.) The proposed second amended complaint raises claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 through 1681x, the FDCPA, a supplemental claim under the Delaware Uniform Deceptive Trade Practices Act ("DTPA"), 6 Del. C. § 2531 through 2536, and a claim of emotional and financial distress.[8] Arrow Financial and First Premier oppose the motion.

Pursuant to Fed. R. Civ. P. 15(2)(2) a party may amend its pleading with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. *Id.* The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151

---

[7]Wright's motion for an extension of time (D.I. 44) to respond to Experian's motion to dismiss is moot inasmuch as the court considers the response he filed on September 23, 2010 at D.I. 43.

[8]The proposed second amended complaint raises claims against Del-One who, as previously noted, has been dismissed from the case.

F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

First Premier and Arrow Financial argue that the proposed second amended complaint, while providing a few additional facts, nevertheless fails to allege violations of the FCRA, FDCPA, DTPA, and intentional infliction of emotional and financial distress and does not meet the pleading requirements of *Iqbal* and *Twombly*. As will be discussed, Wright's proposed second amended complaint is deficiently plead. The conclusory pleading, devoid of any factual detail, fails to meet the pleading requirements of Fed. R. Civ. P. 8(a)(1) sufficient to make a "showing that [Wright] is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Phillips*, 515 F.3d at 234. There is futility of amendment as to the proposed second amended complaint and, therefore, the court will deny without prejudice his motion to amend.[9] (D.I. 47.) However, since it appears plausible that Wright may be able to articulate a claim against the defendants, he will be given an

---

[9]The court will deny as moot Wright's motion for an extension of time to respond to various motions. (D.I. 57.) Wright has adequately responded to all pending motions. In addition, he will be given leave to amend his complaint.

opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

### 1. Fair Credit Reporting Act

The purpose of the FCRA is to "require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). The proposed second amended complaint raises claims under § 1681s-2(a)(1)(A), § 1681s-2(a)(5)(A), § 1681e(b), and § 1681i(5)(A)(ii) and (ii). (proposed amended complaint, Count 1, ¶¶ 22-27.) Initially, the court notes that the proposed second amended complaint fails to describe the alleged inaccurate information, that Wright disputed any information to a credit reporting agency, or that any of the named defendants received notice of any such dispute.

#### a. Section 1681s-2

Paragraphs 22, 23, and 24 of Count 1 allege violations of Section 1681s-2(a). The proposed claims raised under paragraph (a) of § 1681s-2 are not viable because that portion of the FCRA does not provide a private right of action. Two other subsections of 15 U.S.C. § 1681s-2 combine to form an explicit bar to such actions. Section 1681s-2(d) prohibits private enforcement of any of the portions of the FCRA described in paragraphs one and three of subsection (c). Paragraph one of subsection (c) refers to "subsection (a) of this section, including any regulations issued thereunder." 15 U.S.C. § 1681s-2(c)(1). Hence, the bar on private

enforcement actions applies to the duties imposed on furnishers of credit information by 15 U.S.C. § 1681s-2(a), and there is futility of amendment as to Wright's claims under that subsection of the FCRA. *See, e.g., Chiang v. Verizon New England, Inc.,* 595 F.3d 26, 35 (1st Cir. 2010) ("Congress has explicitly limited furnishers' liability under § 1681s-2(a) by prohibiting private suits for violations of that portion of the statute."); *Gorman v. Wolpoff & Abramson,* 584 F.3d 1147, 1162 (9th Cir. 2009) (Plaintiff "has no private right of action under § 1681s-2(a)(3) to proceed against [a furnisher of information] for its failure to notify the [credit reporting agencies] that he disputed the" charges at issue); *Young v Equifax Credit Information Services, Inc.,* 294 F.3d 631, 639 (5th Cir. 2002) (Section 1681s-2(a) of the FCRA does not provide a private right of action because § 1681s-2(d) provides that enforcement of § 1681s-2(a) will be by government officials."); *Sites v. Nationstar Mortg. LLC,* 646 F. Supp. 2d 699, 704 (M.D. Pa. 2009).

### b. Section 1681e(b)

Paragraphs 25, 26, and 27 of Count 1 allege violations of § 1681e(b). Section 1681e(b) penalizes dissemination of inaccurate reports: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report related." 15 U.S.C. 1681e(b). In order to succeed on a Section 1681e(b) claim, Wright must establish each of the following four elements: (1) inaccurate information was included in his or her credit report; (2) the inaccuracy was due to each defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) he an suffered injury; and (4) his injury was caused by the inclusion of the inaccurate entry. *Cortez v. Trans Union, LLC,* 617 F.3d 688, 708 (3d Cir. 2010).

Paragraphs 25, 26, and 27, as currently pled fail to state a claim under § 1681e. The bare bone allegations are conclusory, merely mirror the statute, and provide the defendants insufficient facts of the alleged claims against them.

### c. Section 1681i

Paragraphs 25, 26, and 27 of Count 1 also allege violations of § 1681i(a)(5)(A)(i) and (ii). Section 1681i(a)(5)(A) requires the credit reporting agency to promptly delete or modify information that is unverifiable or incomplete. To find a § 1681i(a) violation, the consumer must demonstrate that the consumer reporting agency "had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation." *Cortez*, 617 F.3d at 713.

Once again, the bare bones allegations in paragraphs 25, 26, and 27, fail to state a claim under § 1681i. The allegations are conclusory, mirror the statute, and provide insufficient facts to apprise the defendants of the claims against them.

### d. Conspiracy

Count 1 of proposed second amended complaint also alleges conspiracy in violation of § 1681s-2(a)(1)(A) and (a)(5)(A) and § 1861e(b). (proposed second amended complaint, count 1, ¶¶ 24-28.) Under Delaware law, to state a claim for civil conspiracy, a plaintiff must allege (1) a confederation or combination of two or more persons; (2) an unlawful act done in furtherance of the conspiracy; and (3) actual damage. *Nicolet, Inc. v. Nutt*, 525 A.2d 146, 149-50 (Del. 1987). The conspiracy claims in the proposed second amended complaint are deficient as they are legal conclusions the defendants were "acting in concert and conspiracy" without supporting facts.

## 2. Fair Debt Collections Practices Act

Count 2 of the proposed amended second complaint raises claims under the FDCPA, §§ 1692e(2)(A), 1692e(8), 1692e(10), and 1692e(12). The FDCPA "provides a remedy for consumers who have been subjected to abusive, deceptive, or unfair debt collection practices by debt collectors." *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 400 (3d Cir. 2000). The FDCPA establishes certain requirements for debt collectors, with the purpose of eliminating abusive debt collection practices. 15 U.S.C. § 1692. Among its provisions, the statute provides that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

The prohibited practices include, in part, "[t]he false representation of . . . the character, amount, or legal status of any debt," *id.* § 1692e(2)(A), "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed," *id.* § 1692e(8), "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," *id.* § 1692e(10), and "[t]he failure to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." *Id.* § 1692e(12). The FDCPA's provisions generally apply only to "debt collectors." *Pollice,* 225 F.3d at 403.

Proposed Count 2 does not indicate how the defendants actually violated the various sections of the FDCPA. Nor does it describe any of the named defendants as "debt collectors." Instead, the allegations describe the defendants' actions in language derived from the statutory causes of action in general terms. Fed. R. Civ. P. 8(a)(2); *Phillips,* 515 F.3d at 234. By limiting

itself to the language of the statutes and failing to provide any facts, proposed Count 2 does not meet the requirements of Rule 8(a)(2), *Iqbal,* and *Twombly.*

### 3. Delaware Uniform Deceptive Trade Practices Act

Count 3 of the proposed second amended complaint raises claims under the DTPA. (proposed amended complaint, Count 3, ¶¶ 34-41.) The sole allegation in proposed Count 3 is that Portfolio Recovery, Arrow Financial, First Premier, Trans Union, Equifax, and Experian, Wright each "engaged in conduct which created a likelihood of confusion or misunderstanding." (*Id.*)

The DTPA prohibits "disparage[ment] of the goods, services or business of another by false or misleading representations of fact," committed "in the course of a business, vocation, or occupation." 6 *Del. C.* § 2532(a)(8). "The Act is intended to address unfair or deceptive trade practices that interfere with the promotion and conduct of another's business . . . . is not intended to redress wrongs between a business and its customers." *Grand Ventures, Inc. v. Whaley,* 632 A.2d 63, 65 (Del. 1993). Because the DTPA is meant to address "'patterns of deceptive conduct,' not isolated incidents," relief under the statute is dependent on Wright's entitlement to injunctive relief. *State ex rel. Brady v. Pettinaro Enters.,* 870 A.2d 513, 537 (Del. Ch. 2005) ("[T]he failure of a party to be able to state a claim for injunctive relief at the time the suit is brought is fatal to claims under the Deceptive Trade Practices Act."). "[A] claim for injunctive relief must be supported by the allegation of facts that create a reasonable apprehension of a future wrong." *Id.* at 536.

The sparse allegations in Count 3 fall far short of the pleading requirements of *Iqbal* and *Twombly*. Moreover, it is unclear if Wright has standing to raise a claim under the DTPA. Nor do the allegations come close to alleging entitlement to injunctive relief.

### 4. Intentional Infliction of Emotional and Financial Distress

Count 4 of the proposed second amended complaint raises claims of intentional infliction of emotional and financial distress against all defendants. (proposed second amended complaint ¶¶ 42-47.) The responding defendants argue that a claim of intentional infliction of emotional distress requires a showing that one intentionally or recklessly causes severe emotional distress to another by conduct that a reasonable person would consider extreme or outrageous, citing to Delaware law. (D.I. 50, 51.)

"Actual damages for a FCRA violation may include humiliation and mental distress." *Bach v. First Union N'tl Bank*, 149 F. App'x 354, 361 (6th Cir. 2005) (not published). A plaintiff may recover under the FCRA by showing "that defendants knowingly and intentionally committed an act in conscious disregard [of the FCRA], but need not show malice or evil motive." *Philbin*, 101 F.3d at 970 (internal quotations and citations omitted). "[R]eckless disregard" also rises to the level of a "willful" violation of the FCRA. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007); *see also Cortez*, 617 F.3d at 721. In addition, actual damages under the FDCPA are recognized to include damages for emotional distress as well as out-of-pocket expenses. *See, e.g., Chiverton v. Federal Fin. Group, Inc.*, 399 F. Supp. 2d 96 (D. Conn. 2005); *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182, 185 (D. Del. 1991) (noting that actual damages under the Act include those for humiliation, embarrassment, mental anguish and emotional distress). Notably, when a violation of the FDCPA is established, "actual damages for

emotional distress can be proved independently of state law requirements." *Smith v. Law Offices of Mitchell N. Kay,* 124 B.R. 182, 185 (D. Del. 1991).

While Count 4 alleges emotional and financial distress as a result of the defendants' actions, it fails to describe the actions that allegedly cause the harm. For example, it is alleged that the defendants "engaged in actions that intended to harass, belittle, confuse, mislead and threaten" Wright's mental capacity, but there is no description of the actions of which Wright complains. Count 4 similarly alleges the defendants "attempted to take advantage" of a consumer, without explanation of said acts. As with the other counts, the sparse allegations in proposed Count 4 fail to meet the pleading requirements of *Iqbal* and *Twombly*.

**C. Discovery**

Subsequent to the defendants' filing their motions to dismiss, Wright served a request for production of documents upon First Premier and Arrow Financial.[10] (D.I. 38.) When the defendants did not respond to the discovery request, Wright filed the pending motion to compel. (D.I. 49.) First Premier and Arrow Financial oppose the motion on the grounds that Wright provides no legal authority to support his motion and the requests are premature and futile.

Wrights' discovery request is premature. Pursuant to Fed. R. Civ. P. 26(d)(1) a party may not seek discovery from any source before the parties have conducted their Rule 26(f) conference. The complaint as it now stands is deficiently pled, the defendants have not answered, and a Rule 26(f) conference has not been held. Accordingly, the court will deny as premature the motion to compel. (D.I. 49.0

---

[10]Wright titled the document as a motion for production of documents. It is not a motion and the court will deny as moot the incorrectly titled document. (D.I. 38.)

## IV. CONCLUSION

For the above reasons, the court will grant the motions to dismiss, will deny without prejudice the motion to amend, will deny as moot the motions to produce and for extensions, and will deny as premature the motion to compel. (D.I. 13, 27, 31, 38, 39, 44, 47, 49, 57.) Wright will be given leave to file a second amended complaint.

An appropriate order will be issued.

CHIEF, UNITED STATES DISTRICT JUDGE

March 30, 2011
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| ERRICK M. WRIGHT, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 09-612-GMS ) |
| PORTFOLIO RECOVERY AFFILIATES et al, | ) ) ) |
| Defendants. | ) ) |

**ORDER**

At Wilmington this 30th day of March, 2011, for the reasons set forth in the Memorandum issued this date;

1. The defendant First Premier Bank's motion to dismiss is **granted**. (D.I. 13.)

2. The defendant Experian's motion to dismiss, joined by Equifax, Inc. at D.I. 65, is **granted**. (D.I. 27.)

3. The defendant Arrow Financial Services, Inc.'s motion to dismiss is **granted**. (D.I. 31.)

4. The defendant Del-One's motion to dismiss is **denied** as moot. (D.I. 39.)

5. The plaintiff's motion for leave of court to amend complaint is **denied** without prejudice as the proposed second amended complaint is deficiently pled. (D.I. 47.) The plaintiff is given leave file a second amended complaint. It shall be filed within **thirty (30) days** from the date of this order. If a second amended complaint is not filed within the time allowed, then the case will be **closed**.

6. The plaintiff's request for production of documents is incorrectly titled as a motion and is **denied** as moot. (D.I. 38.)

7. The plaintiff's motion to compel is **denied** as moot. (D.I. 49.)

8. The plaintiff's motions for extensions of time are denied as moot. (D.I. 44, 57.)

_____
CHIEF, UNITED STATES DISTRICT JUDGE