IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERRICK M. WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 09-612-GMS |
| | ) |
| ARROW FINANCIAL SERVICES, INC., | ) |
| et. al, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

### I. INTRODUCTION

The plaintiff, Errick M. Wright ("Wright"), who proceeds *pro se*, filed this lawsuit on August 18, 2009, alleging violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 through 1692p. (D.I. 2.) Pending before the court are several motions filed by the parties. (D.I. 78, 85, 94, 103.)

### II. BACKGROUND

The original complaint alleges that the defendants RJM Acquisitions LLC ("RJM"), Portfolio Recovery Affiliates ("Portfolio Recovery"), Arrow Financial Services, Inc. ("Arrow Financial"), and First Premier Bank ("First Premier") violated the FDCPA "by use of false representation or other deceptive practices in an attempt to collect an alleged debt."[1] (D.I. 2.) Wright amended the complaint to add the defendants Trans Union, LLC ("Trans Union"), Equifax, Inc. ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Del-One

---

[1] RJM was terminated as a defendant on September 22, 2009, Del-One was terminated as a defendant on December 29, 2010, and Portfolio Recovery was terminated as a defendant on July 14, 2011. (*See* D.I. 6, 62, 82.)

("Del-One"), and alleges that Trans Union, Equifax, and Experian negligently reported incorrect and damaging information in Wright's credit profile and failed to investigate the validity of the information being reported to them by the defendants in this case. (D.I. 6.)

On March 30, 2011 the court dismissed the amended complaint and gave Wright leave to file a second amended complaint within thirty days of the order. (*See* D.I. 72) Wright was warned that if a second amended complaint was not filed within the time allowed, the case would be closed. On April 13, 2011, Wright filed a motion for leave of court to amend complaint instead of filing an amended complaint. (D.I. 74.) The filing was docketed as a motion but, later, on July 15, 2011, for reasons unknown, a docketing clerk terminated the motion so that it did not appear pending. Subsequently, Wright filed requests for default (D.I. 78, 85, 103) for the defendants alleged failure to plead or otherwise defend as to the second amended complaint, and Equifax filed a motion to dismiss (D.I. 94).

Equifax, Trans Union, Experian, Arrow, and First Premier oppose the requests for default on the grounds that Wright did not file an amended pleading that required a response from them. In addition, Trans Union contends that it has yet to be properly served.[2] Finally, Equifax moves for dismissal based upon Wright's repeated failures to file a valid, legally and factually sufficient complaint, including his failure to file an amended complaint pursuant to the March 30, 2011 order.

It is obvious from his filings that Wright believes the motion for leave to amend complaint at docket item 74, filed on April 13, 2011, served as the second amended complaint. It

---

[2]The court docket indicates, however, that a waiver of service on behalf of Trans Union was signed by its counsel on February 7, 2011 (D.I. 64) and that Trans Union counsel also accepted personal service on December 15, 2011 (D.I. 100).

is equally obvious from the defendants' filings they believe that docket item 74 is a motion and not the operative second amended complaint. Finally, it appears there was confusion by Clerk of Court staff inasmuch as docket item 74 was first docketed as a motion, but later the motion was terminated without a ruling by this court.

Therefore, Wright will be given leave to file a second amended complaint as set forth in the March 30, 2011 memorandum and order. (D.I. 72.) The second amended complaint shall be in the proper form as set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court. Wright shall not file a motion for leave to amend, as it is unnecessary. All pending requests for default and the motion to dismiss will be denied without prejudice.

IT IS THEREFORE ORDERED this, 11th day of June, 2012, that;

1. The plaintiff is given leave file a second amended complaint within **twenty-one (21) days** from the date of this order. No extensions will be allowed. If a second amended complaint is not filed within the time allowed, then the case will be **closed**.

2. The plaintiff's requests for default are **denied** without prejudice. (D.I. 78, 85, 103.)

3. The defendant Equifax, Inc.'s motion to dismiss is **denied** without prejudice. (D.I. 94.)

_____
CHIEF, UNITED STATES DISTRICT JUDGE