IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ERRICK M. WRIGHT,                              )
                                               )
                    Plaintiff,                 )   C.A. No. **1:09-cv-00612GMS**
                                               )
          v.                                   )   JURY TRIAL: **NO**
                                               )   JURISDICTION: FEDERAL QUESTION
**ARROW FINANCIAL SERVICES, L.L.C.,**          )   NATURE OF SUIT: FCRA;
**FIRST PREMIER BANK, EXPERIAN**               )
**INFORMATION SOLUTIONS, INC.,**               )
**TRANS UNION, LLC, AND EQUIFAX**              )
**INFORMATION SERVICES, LLC,**                 )
                                               )
                    Defendants.                )

## AMENDED COMPLAINT

**COMES NOW, Errick M. Wright hereinafter, the "Plaintiff," who respectfully requests this Honorable Court to hear and consider the matters being presented against Arrow Financial Services, L.L.C., First Premier Bank, Experian Information Solutions, Inc, Trans Union, LLC, and Equifax Information Services, LLC, hereinafter, "Defendant", or "Defendant's" for wrongful injuries sustained by Plaintiff caused by Defendant's wrongful breach of Plaintiff's consumer rights under the Fair Credit Reporting Act, (15 U.S.C. § 1681 et seq.);  and the Fair Debt Collections Practices Act, (15 U.S.C. § 1692 et seq.), and for Fraudulent Misrepresentation under 6 DE C. § 2711(a), "Statute of Frauds."**

**This is an Amended Civil Complaint whereby Plaintiff seeks nominal, proximate, compensatory, statutory, and punitive damages against the Defendant's, and those acting in active concert to conspire with the Defendant's to wrongfully breach Plaintiff's consumer rights protected by State and Federal Laws, and the fraudulent acts committed by Defendant's Arrow Financial Services, L.L.C., and First Premier Bank.**

1

Plaintiff brings this action in good faith before this Court, as there is an actual controversy which exists between the parties, in that the challenged actions of the Defendant's have caused, and will continue to cause the Plaintiff irreparable harm unless the requested relief by Plaintiff is granted.

## I. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331and 1343; and, 15 U.S.C. §§ 1681p and 1692k (d).

2. Venue is proper because many of the relevant events occurred within the State of Delaware which is within the jurisdiction of the Court. Thus, this court holds jurisdiction over Plaintiff's Federal and State law claims.

3. Plaintiff's claims derive from a common focus of operative fact, and are of such character that Plaintiff would ordinarily be expected to try them in on judicial proceeding.

4. Since the claims presented in the Complaint are of similar character Plaintiff therefore, enjoins the Defendant's as one cause of action under Fed. Civ. Proc. R. 20 (2)(A), (B), and (3).

5. This action is brought by the Plaintiff against the Defendant's in good faith for injuries sustained by the Plaintiff which were caused by the Defendant's wrongful negligence, and fraud, whereby Plaintiff asserts that he is entitled to the relief demanded in this Amended Complaint.

## II. PARTIES TO THIS ACTION

6. The Plaintiff, Errick M. Wright is a natural person as defined in 15 U.S.C. § 1681a (b) having an address for process of service at P.O. Box 1517 Wilmington, DE 19899, and proceeds pro se in this action.

7. Defendant Arrow Financial Services, L.L.C. is a "debt collector" as defined in 15 U.S.C. § 1692a (6), the "Fair Debt Collections Practices Act." Defendant is a corporate "person" organized and existing under the laws of the State of Delaware and having a physical address located at 5996 West Touhy Ave. Niles, IL 60714-4610 . The Defendant may receive process of service of this Amended Complaint at The Corporation Trust Center 1209 Orange Street Wilmington, DE 19801 and/or in substitution the present attorney of record for the Defendant, Daniel A. Griffith of Whiteford, Taylor & Preston, L.L.C. 405 King Street, Suite 500 Wilmington, DE 19801-3700. The business purpose of the Defendant is to collect claims for others, or Defendant solicits the right to collect or receive payment(s) for a claim of another.

8. Defendant First Premier Bank is a "card issuer",  and "furnisher "of consumer information as defined in 15 U.S.C. §§ 1681(a)(5)(r)(1)(A), and 1681s-2. Defendant First Premier Bank is a "creditor" as defined in 15 U.S.C. § 1692(a) (4). Defendant First Premier Bank is a corporate "person" which is a South Dakota chartered bank organized and existing under the laws of the State of South Dakota, and having a physical address located at 601 S. Minnesota Avenue Sioux, Falls, SD 57104-4824. The Defendant may receive process of service of this Amended Complaint to Dana J. Dykhouse at 601 Minnesota Avenue Sioux Falls, SD 57104-4824 and/or in substitution the present attorney of record for the Defendant, Daniel A. Griffith of  Whiteford, Taylor, and Preston, L.L.C. 405 King Street, Suite 500 Wilmington, DE 19801. The business purpose of the Defendant is to

provide consumers with short-term revolving loans through the use of a credit card.

9. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined in 15 U.S.C. § 1681A (f). Defendant Experian Information Solutions, Inc. is a corporate person organized and existing under the laws of the State of Delaware. The Defendant may receive process of this Amended Complaint at The Corporation Trust Center 1209 Orange Street Wilmington, DE 19801 and/or the attorney of record for the Defendant Stephen M. Ferguson of Rawle & Henderson, LLP 300 Delaware Ave., Suite 1015 Wilmington, DE 19899-0588; Travis Steven Hunter of Richards, Layton & Finger, PA 920 King Street Wilmington, DE 19801; Chad Michael Shandler of Richards, Layton, & Finger, PA 920 King Street Wilmington, DE 19801; Joshua A. Weiner; and Michael Busenkell of Womble, Carlyle, Sandridge, & Rice 222 Delaware Avenue, Suite 1501 Wilmington, DE 19801. The business of the Defendant is to receive consumer information from furnishers of information, and the Defendant sells consumer information to receivers of information.

10. Defendant Trans Union, LLC is a consumer reporting agency as defined in 15 U.S.C. § 1681A (f). Defendant Trans Union, LLC is a corporate "person" organized and existing under the laws of the State of Delaware, and having a physical address at 55 West Adams Street Chicago, IL 60661. The Defendant may receive process of service of this Amended Complaint at The Prentice-Hall Corporation System, Inc. 2711 Centerville Road, Suite 400 Wilmington, DE 19801 and/or in substitution the present attorney of record for the Defendant, Blake A. Bennet, et al of Cooch and Taylor 1000 West Street, 10th Floor Wilmington, DE 19899. The business of the Defendant is to receive consumer information from furnishers of information, and to sell consumer information to receivers of information.

11. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined in 15 U.S.C. § 1681A (f). Defendant Equifax Information Services, LLC is a corporate "person" organized and existing under the laws of the State of Delaware having a physical address at 1550 Peachtree Street, N.E. Atlanta, GA 303309-2402. The Defendant may receive process of service of this Amended Complaint at Corporation Service Company 2711 Centerville Road, Suite 400 Wilmington, DE 19808 and/or in substitution the present attorney of record for the Defendant, Michael Busenkell of Womble, Carlyle, Sandridge, & Rice 222 Delaware Avenue, Ste 1501 Wilmington, DE 19801. The business of the Defendant is to receive information from furnishers of information, and sells information to receivers of information.

### III. PROCESS OF SERVICE

12. Plaintiff requests the Court to issue service of the Amended Complaint to special process server or as directed by the Court.

### IV. PLAINTIFF'S STATEMENT OF FACTS

### ELEMEMENTS OF FACTS AS TO COUNT 1

### WRONGFUL NEGLIGENCE – WILLFUL AND NEGLIGENT NONCOMPLIANCE

### 15 U.S.C. § 1681 et seq; and 15 U.S.C. § 1692 et seq

### DEFENDANT'S:  ARROW FINANCIAL SERVICES, L.L.C.;

### EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC;

### AND EQUIFAX INFORMATION SERVICES, LLC.

13. Defendant's owed Plaintiff a duty to furnish or report accurate consumer information in regards to Plaintiff's consumer file.

14. On or about August 1, 2009 Defendant Arrow Financial Services, L.L.C. breached its duty to Plaintiff, when the Defendant wrongfully furnished inaccurate consumer

information to Defendant's Experian Information Solutions, Inc., Trans Union, LLC, and Equifax Information Services, LLC which was known to be false or misleading and failed to disclose notice of collection/validation of debt.

15. Defendant's Experian Information Solutions, Inc., Trans Union, LLC, and Equifax Information Services, LLC breached their duty to Plaintiff when Defendant's failed to follow reasonable procedures to verify the accuracy of the information that was wrongfully furnished to them by RJM Acquisitions, LLC, (Terminated 9/20/2009), Arrow Financial Services, L.L.C, and Delaware Federal Credit Union.

16. The Defendant's careless and reckless disregard for the consumer rights of the Plaintiff, willfully and wrongfully, caused inaccurate consumer information to be furnished and reported in Plaintiff's consumer files with Experian Information Solutions, Inc, Trans Union, LLC, and Equifax Information Services, LLC. Plaintiff's ability to rightfully apply for credit, employment, and housing was severely impaired due to the cause of actions committed by the Defendant's. Defendant's Experian Information Solutions, Inc., Trans Union, LLC, and Equifax Information Services, LLC, also wrongfully permitted RJM Acquisitions, LLC to furnish to them 11 fraudulent accounts without first verifying the accuracy of the information being furnished to them. Plaintiff delivered a dispute to RJM Acquisitions, LLC under 15 U.S.C. § 1681s-2(a)(1)(A), that "RJM" was not properly furnishing accurate consumer information. After "RJM" received the dispute, the information was deleted from Plaintiff's consumer files maintained by the Defendant's.

17. As a result of the wrongful and negligent conduct of the Defendant's, Plaintiff sustained nominal damages in the amount of $5.00 as a result of his written disputes, and the costs of mailing the disputes to the Defendant's, compensatory damages as a result of the institution of this action which are unspecified at this time including reasonable attorney/litigation fees

and expenses, and to the extent permitted by law and the judgment of this court, Plaintiff is entitled to the maximum statutory and punitive damages to be awarded in favor of Plaintiff as prescribed by statute.

### ELEMENTS OF FACTS AS TO COUNT 2

### FRAUDULENT MISREPRESENTATION – INTENTIONAL DECEIT (6 DEC. § 2711(a)).

### DEFENDANT'S ARROW FINANCIAL SERVICES, L.L.C., AND FIRST PREMIER BANK

18. Defendant's represented within Plaintiff's consumer files of Experian, Trans Union, and Equifax, that an account was sold by First Premier Bank to Arrow Financial Services, L.L.C. for value.

19. Defendant's First Premier Bank, and Arrow Financial Services, L.L.C. had knowledge of a false representation being furnished within Plaintiff's consumer files that an alleged account was sold for value between the parties.

20. Defendant's representation being reported within Plaintiff's consumer files that an alleged account had been negotiated and sold between First Premier Bank, and Arrow Financial Services, L.L.C., would have wrongfully induced the Plaintiff into potentially and unconsciously, entering into a contract to which Plaintiff would not have agreed to without the insertion of the representation reported within Plaintiff's consumer files.

21. Defendant's First Premier Bank, and Arrow Financial Services, L.L.C. had actual knowledge of the falsity of the facts. The Defendant's were conscious that a representation they knew was false, was furnished to the consumer reporting agencies, and that the Plaintiff may act upon payment of the alleged account if such representation was claimed by the Defendant's.

22. Defendant's First Premier Bank, and Arrow Financial Services, L.L.C. with firsthand knowledge that the representation claimed within Plaintiff's consumer files was false,

7

maintained that it should be relied upon as factual. It was the intent of the Defendant's to represent to Plaintiff and third party inquirer's, upon reviewing Plaintiff's consumer files, that the information furnished by the Defendant's was accurate.

23. Plaintiff did not have actual knowledge of the falsity of the representation being furnished within his consumer files. Plaintiff repeatedly demanded documentation to affirm Defendant's claim of assignment or sale of alleged account for value.

24. Plaintiff, in evaluating the accuracy of his consumer files, relied on the representation as accurate to the extent in the manner furnished to the consumer reporting agencies.

25. Plaintiff has a right to rely on the accuracy of the information Defendant's furnished to the consumer reporting agencies.

26. As a result of Defendant's fraudulent misrepresentation, Plaintiff suffered proximate damages as a consequence of the conduct of Defendant's Arrow Financial Services, L.L.C., and First Premier Bank in the amount of $515.00, and therefore is entitled to relief.

## V. PLAINTIFF'S CLAIMS IN SUPPORT OF FACTS

### COUNT 1 – WRONGFUL NEGLIGENCE

*WILLFUL AND NEGLIGENT NONCOMPLIANCE*

*UNDER 15 U.S.C. § 1681 et seq, and 15 U.S.C. § 1692 et seq.*

*DE FENDANT'S: ARROW FINANCIAL SERVICES, L.L.C.;*

*EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION, LLC;*

*AND EQUIFAX INFORMATION SERVICES, LLC.*

*PLAINTIFF CLAIMS DEFENDANT'S WERE WRONGFULLY NEGLIGENT WHEN DEFENDANT'S WILLFULLY FURNISHED OR REPORTED INACCURATE CONSUMER INFORMATION TO SELLER'S OR RECEIVER'S OF CONSUMER INFORMATION CONTAINED IN PLAINTIFF'S CONSUMER FILES FAILING TO COMPLY WITH THE PROVISIONS OF THE FAIR CREDIT REPORTING ACT AND THE FAIR DEBT COLLECTIONS PRACTICES ACT.*

27. Plaintiff's statement of facts in paragraphs 13 through 17 are re-alleged and incorporated here by reference.

28. Defendant Arrow Financial Services, L.L.C. is a business organization required to maintain procedures to avoid placement of errors within consumer files under the Fair Debt Collections Practices Act, (15 U.S.C. § 1692(c)).

29. This creates a duty to the Plaintiff as a consumer as defined in 15 U.S.C. §1681a(c), and 15 U.S.C. § 1692a (3).

30. Defendant Experian Information Solutions, Inc. is a business organization responsible for accurately reporting consumer information under the Fair Credit Reporting Act 15 U.S.C. § 1681e(b).

31. This creates a duty to Plaintiff as a consumer as defined in 15 U.S.C. § 1681a(c), and 15 U.S.C. § 1692a (3).

32. Defendant Trans Union, LLC is a business organization responsible for accurately reporting consumer information under the Fair Credit Reporting Act 15 U.S.C. §1681e (b).

33. This creates a duty to the Plaintiff as a consumer as defined in 15 U.S.C. § 1681a(c), and 15 U.S.C. § 1692a (3).

34. Defendant Equifax Information Services, LLC is a business organization responsible for accurately reporting consumer information under the Fair Credit Reporting Act 15

U.S.C. § 1681e (b).

35. This creates a duty to the Plaintiff as a consumer as defined in 15 U.S.C. § 1681a(c), and 15 U.S.C. § 1692A (3).

36. On or about August 1, 2009, Defendant Arrow Financial Services, L.L.C. breached its duty to the Plaintiff when Defendant knowingly, willfully, and in fact negligently, furnished inaccurate information to Defendant's Experian Information Solutions, Inc., Trans Union, LLC, and Equifax Information Services, LLC.

37. Under 15 U.S.C. § 1692(c), the "Fair Debt Collections Practices Act," Defendant Arrow Financial Services, L.L.C. failed "to maintain reasonable procedures to avoid placing an error in Plaintiff's consumer files."

38. Under 15 U.S.C. § 1692g, Defendant Arrow Financial Services, L.L.C failed to notify the Plaintiff that Defendant was attempting to collect an alleged debt, and that Plaintiff shall have 30 days to dispute the debt by operation of law.

39. Defendant Arrow Financial Services, L.L.C. caused Plaintiff's credit score to be adversely impaired, affecting his ability to obtain credit, suitable housing, and employment as a result of their wrongful negligence. Defendant caused a loss to the Plaintiff nominally in the amount of $1.00 as result of initiating a dispute of the information furnished to Defendant's Experian, Trans Union, and Equifax; and, Plaintiff is entitled to compensatory damages of which are unspecified at this time,; the maximum statutory damages in the amount of $1,000; and, the maximum punitive damages in the amount of $1,000 under the Fair Credit Reporting Act (15 U.S.C. §§1681n, and 1681o; and, Plaintiff demands the maximum statutory damages awarded in his favor in the amount of $1,000, under the Fair Debt Collections Practices Act (15 U.S.C. § 1692k(a)(1), and (2)(A) . Plaintiff states he is entitled to relief as Defendant is liable unto the Plaintiff under both the FCRA, and

**FDCPA.**

**40. On or about August 1, 2009, Defendant Experian Information Solutions, Inc. breached**

**its duty to the Plaintiff when Defendant, knowingly, willfully, and in fact negligently**

**reported inaccurate consumer information within Plaintiff's consumer file therefore,**

**wrongfully breaching Plaintiff's consumer rights under 15 U.S.C. § 1681e (b). Defendant is**

**required by the Fair Credit Reporting Act to maintain 100% accuracy of a consumer's file.**

**41. On or about August 1, 2009, Defendant Experian Information Solutions, Inc.**

**negligently reported 11 accounts in default as caused by RJM Acquisitions, LLC**

***(Terminated 9/19/2009)*, and 1 account in default as caused by Defendant Arrow**

**Financial Services, L.L.C., and 3 accounts furnished by Delaware Federal Credit Union.**

**42. As a result of the wrongfully furnished information, Plaintiff disputed the information**

**furnished by RJM Acquisitions, LLC, Arrow Financial Services, L.L.C., and Delaware**

**Federal Credit Union to Experian Information Solutions, Inc..**

**43. Defendant Experian Information Solutions, Inc., failed to maintain reasonable**

**procedures to insure 100% accuracy of Plaintiff's consumer file. Though, the**

**disputed information was deleted from Plaintiff's consumer file, the negligent actions of**

**the Defendant caused Plaintiff's credit score to be adversely impacted therefore, severely**

**restricting his ability to obtain credit, suitable housing, and employment.**

**44. Plaintiff sustained damages in the nominal amount of $1.00 for the costs of disputing**

**the reported information; compensatory damages which are unspecified at this time;**

**Plaintiff demands an award to be granted in his favor of statutory damages in the**

**maximum amount of $15,000 for ($1,000) each account reported as accurate breaching**

**Plaintiff's FCRA rights; and, Plaintiff demands an award to be granted in his favor in the**

**maximum amount of $15,000 for ($1,000) each account Defendant negligently reported as**

accurate breaching Plaintiff's FCRA rights. Plaintiff states he is entitled to relief.

45. On or about August 1, 2009 Defendant Trans Union, LLC breached its duty to the Plaintiff when Defendant knowingly, willfully, and in fact negligently reported inaccurate consumer information within Plaintiff's consumer file therefore, wrongfully breaching Plaintiff's consumer rights under the Fair Credit Reporting Act, (15 U.S.C. § 1681e (b). Defendant is required by the Fair Credit Reporting Act to maintain 100% accuracy of a consumer's file.

46. On or about August 1, 2009 Defendant Trans Union, LLC negligently reported 11 accounts in default as caused by RJM Acquisitions, LLC (*Terminated 9/19/2009*), 1 account in default as caused by Defendant Arrow Financial Services, L.L.C., and 3 accounts caused by Delaware Federal Credit Union.

47. As a result of the wrongfully furnished information, Plaintiff disputed the information caused by RJM Acquisitions, LLC, Arrow Financial Services, L.L.C., and Delaware Federal Credit Union  to Defendant Trans Union, LLC.

48. Defendant Trans Union, LLC failed to maintain reasonable procedures to maintain 100% accuracy of Plaintiff's consumer file. Though, the disputed information was deleted from Plaintiff's consumer file, the negligent actions of the Defendant caused Plaintiff's credit score to be adversely impacted therefore, severely restricting his ability to obtain credit, suitable housing, and employment.

49. Plaintiff sustained damages in the nominal amount of $1.00 for the costs of disputing the reported information; compensatory damages which are unspecified at this time; Plaintiff demands an award to be granted in his favor of statutory damages in the maximum amount of $15,000 for($1,000)  each account reported negligently breaching Plaintiff's FCRA rights; and, Plaintiff demands an award of punitive damages to be

granted in his favor in the maximum amount of $15,000 for ($1,000) each account Defendant negligently reported as accurate breaching Plaintiff's FCRA rights.

50. On or about August 1, 2009 Defendant Equifax Information Services, LLC breached its duty to the Plaintiff when Defendant knowingly, willfully and in fact negligently reported inaccurate consumer information within Plaintiff's consumer files therefore, wrongfully breaching Plaintiff's consumer rights under the Fair Credit Reporting Act, (15 U.S.C. § 1681e (b). Defendant is required by the Fair Credit Reporting Act to maintain 100% accuracy of consumer's file.

51. On or about August 1, 2009 Defendant Equifax Information Services, LLC negligently reported 11 accounts in default as caused by RJM Acquisitions, LLC (*Terminated 9/19/2009*), 1 account in default as caused by Defendant Arrow Financial Services, L.L.C., and 3 accounts furnished by Delaware Federal Credit Union.

52. As a result of the wrongfully furnished information, Plaintiff disputed the information caused by RJM Acquisitions, LLC, Arrow Financial Services, LLC, and Delaware Federal Credit Union.

53. Defendant Equifax Information Services, LLC failed to maintain reasonable procedures to maintain 100% accuracy of Plaintiff's consumer file. Though, the disputed information was deleted from Plaintiff's consumer file, the negligent actions of the Defendant caused Plaintiff's credit score to be adversely impacted therefore, severely restricting his ability to obtain credit, suitable housing, and employment.

54. Plaintiff sustained damages in the nominal amount of $1.00 for the costs associated with disputing information to Defendant Equifax Information Services, LLC; compensatory damages of which are unspecified at this time; Plaintiff demands an award to be granted in his favor of statutory damages in the maximum amount of $15,000 for ($1,000) each

account Defendant negligently reported breaching Plaintiff's consumer rights under the
FCRA; and, Plaintiff demands an award of punitive damages in the maximum amount of
$15,000 for ($1,000) each account Defendant negligently reported as accurate breaching
Plaintiff's consumer rights under the FCRA.

COUNT 2- FRAUDULENT MISREPRESENTATION –

INTENTIONAL DECIET OF A CONSUMER (6 DE C. § 2711(a))

*PLAINTIFF CLAIMS DEFENDANT'S FIRST PREMIER BANK AND ARROW*

*FINANCIAL SERVICES, L.L.C. FURNISHED A MISREPRESENTION WITHIN HIS*

*CONSUMER FILES THAT AN ALLEGED ACCOUNT WAS SOLD AND*

*TRANSFERRED BETWEEN THE DEFENDANT'S IN EXCHANGE FOR VALUE.*

55. Plaintiff's statement of facts in paragraphs 18 through 26 are re-alleged and
incorporated here by reference.

56. On or about August 1, 2009 Plaintiff witnessed Defendant's Arrow Financial Services,
LLC, and First Premier Bank furnished inaccurate information to Defendant's Experian,
Trans Union, and Equifax, that an alleged account was sold for exchange of value between
First Premier Bank  and Arrow Financial Services, LLC.

57. Plaintiff claims that on or about August 1, 2009, the intent of the Defendant's was to
wrongfully deceive and to induce him that the alleged account was sold from First Premier
Bank to Arrow Financial Services, L.L.C to induce him to make payments to the third
party, "Arrow" whereby, the Defendant's had knowledge that the representation upon
Plaintiff's consumer file was placed fraudulently.

58. Whereas, Plaintiff has a right to rely on the accuracy of information furnished by the
Defendant's and placed within Plaintiff's consumer files to be valid and 100% correct.

59. Defendant's First Premier Bank, and Arrow Financial Services, L.L.C. had actual

knowledge of the falsity of the information they were furnishing to Experian, Trans Union, and Equifax. And, since neither Defendant could confirm the alleged assignment and transfer of an alleged account between First Premier Bank, and "Arrow" had occurred, by virtue of evidentiary documentation then, a prudent and reasonable person would conclude that the Defendant's intentionally sought to deceive the Plaintiff.

60. Defendant's First Premier Bank, and Arrow Financial Services, L.L.C. had first-hand knowledge that the information furnished to Experian, Trans Union, and Equifax was false, and wrongfully caused an false representation that an alleged account of the Plaintiff was in default, was sold from First Premier Bank to Arrow Financial Services, L.L.C, and was in collection status. Defendant's refused or could not provide documentation of the sale and assignment of the alleged account. Plaintiff asserts that the acts committed by the Defendant's were malicious, with the intent in entirety to deceive and mislead the Plaintiff.

60. As a result of the fraudulent representation by the Defendant's Plaintiff suffered proximate damages in the sum of $515.00; compensatory damages which are unspecified at this time; and, Plaintiff demands a judgment of punitive damages in favor of Plaintiff in the sum of $50,000 levied against Arrow Financial Services, L.L.C., and the sum of $50,000 levied against First Premier Bank as remedy for the fraudulent acts committed by the Defendant's.

## VI. DEMAND FOR RELIEF

WHEREFORE, Plaintiff has presented the foregoing Amended Complaint before this Honorable Court, and based on the claims presented that Defendant's, Arrow Financial Services, L.L.C., First Premier Bank, Experian Information Solutions, Inc., Trans Union, LLC, and Equifax Information Services, LLC, were wrongfully negligent, intentionally noncompliant with the provisions of the Fair Credit Reporting Act, and as to

Arrow Financial Services, L.L.C, including the Fair Debt Collections Practices Act; and, as to First Premier Bank, and Arrow Financial Services, L.L.C. the Defendant's fraudulently misrepresented consumer information to Experian, Trans Union, and Equifax that an alleged account was  sold in a transaction between the Defendant's for value.

Because of the Defendant's unlawful actions as claimed in this Complaint, the Defendant's caused the Plaintiff to sustain nominal, proximate, and compensatory damages, emotional distress, and mental anguish.  The actions of the Defendant's were malicious and with indifference as to the rights of the Plaintiff. Therefore, Plaintiff states that he is entitled to all relief sought in this Complaint.

(1) AS TO PLAINTIFF'S CLAIMS AGAINST ARROW FINANCIAL SERVICES, L.L.C., EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, AND EQUIFAX INFORMATION SOLUTIONS, LLC FOR WRONGFUL NEGLIGENCE UNDER THE FAIR CREDIT REPORTING ACT 15 U.S.C. §§ 1681n, and 1681o, "WILLFUL AND NEGLIGENT NONCOMPLIANCE," AND AGAINST ARROW FINANCIAL SERVICES, L.L.C. UNDER 15 U.S.C. § 1692k(a)(1), and (2)(A), PLAINTIFF'S STATES THAT HE IS ENTITLED  TO RELIEF AND REQUESTS THIS COURT TO ISSUE JUDGMENT IN FAVOR OF PLAINTIFF AS FOLLOWS:

(A) Against Defendant Arrow Financial Services, L.L.C.;

    1.  Nominal Damages in the amount of $1.00.

    2. Compensatory Damages, including court costs, process of service, and reasonable litigation fees and expenses of the Plaintiff as a result of this action.

    3. Statutory and Punitive relief under 15 U.S.C. §§ 1681n, and 1682o in the maximum amount of $1,000 per violation .respectively.

    4. Statutory relief under 15 U.S.C. § 1692k(a)(1), and (2)(A) in the maximum

amount of $1,000 per violation respectively.

     5. Pro forma judgment total (excluding compensatory): $3,001.00

(B) Against Defendant Experian Information Solutions, Inc. as follows;

     1. Nominal relief in the amount of $1.00.

     2. Compensatory Damages, including court costs, process of service, and reasonable

litigation fees and expenses of the Plaintiff as a result of this action.

     3. Statutory relief in the amount of $15,000.

     4. Punitive relief in the amount of $15,000.

     5. Pro forma judgment total (excluding compensatory): $30,001.00

(C) Against Defendant Trans Union, LLC as follows;

     1. Nominal relief in the amount of $1.00.

     2. Compensatory Damages, including court costs, process of service, and litigation

fees and expenses of the Plaintiff as a result of this action.

     3. Statutory relief in the amount of $15,000.

     4. Punitive relief in the amount of $15,000.

     5. Pro forma judgment total (excluding compensatory): 30,001.00

(D) Against Defendant Equifax Information Services, LLC      as follows;

     1. Nominal relief of $1.00.

     2. Compensatory Damages, including court costs, process of service, and litigation

fees and expenses of the Plaintiff as a result of this action.

     3. Statutory relief in the amount of $15,000.

     4. Punitive relief in the amount of $15,000.

     5. Pro forma judgment total (excluding compensatory): $30,001.00

**(2) AS TO PLAINTIFF'S CLAIMS AGAINST DEFENDANT'S ARROW FINANCIAL**

**SERVICES, L.L.C., AND FIRST PREMIER BANK FOR FRAUDULENT**

**MISREPRESENTATION UNDER 6 DE C. § 2711(a), "STATUTE OF FRAUDS."**

**PLAINTIFF STATES THAT HE IS ENTITLED TO RELIEF AND REQUESTS THIS**

**COURT TO ISSUE JUDGMENT AS FOLLOWS:**

**(A) Against Defendant Arrow Financial Services, L.L.C.:**

**1. Proximate damages in the amount of $257.50.**

**2. Punitive damages in the amount of $50,000.00.**

**3. Pro forma judgment total: $50,257.50**

**(B) Against Defendant First Premier Bank:**

**1. Proximate damages in the amount of $257.50**

**2. Punitive damages in the amount of $50,000.00.**

**3. Pro forma judgment total: $50,257.50**

**WHEREFORE, Plaintiff has presented the relevant facts in support of his claims,**

**and respectfully requests this Court to hear and consider the matters presented in the**

**foregoing Complaint as Amended with the attached Amended Declaration.**

**PLAINTIFF;**

Dated: **June 27, 2012**

**ERRICK M. WRIGHT**
**P.O. BOX 1517**
**WILMINGTON, DE 19899**
**PHONE: 302-468-6149**
**EMAIL:** legalmailemw@gmail.com

**D.I. #:_____**

18

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ERRICK M. WRIGHT,  )
  )
    Plaintiff,  )   <u>C.A. No. 1:09-cv-00612GMS</u>
  )
    v.  )   JURY TRIAL: <u><b>NO</b></u>
  )   JURISDICTION: FEDERAL QUESTION
<u>**ARROW FINANCIAL SERVICES, L.L.C.,**</u>  )   NATURE OF SUIT: FCRA
<u>**FIRST PREMIER BANK, EXPERIAN**</u>  )
<u>**INFORMATION SOLUTIONS, INC.,**</u>  )
<u>**TRANS UNION, LLC, AND EQUIFAX**</u>  )
<u>**INFORMATION SERVICES, LLC,**</u>  )
  )
    Defendants.  )

## AMENDED DECLARATION

    <u>**I, Errick M. Wright, do declare the following to be true and accurate to the best of my belief:**</u>

<u>**1. I the Plaintiff in this action.**</u>

<u>**2. I am a United States citizen residing in the State of Delaware.**</u>

<u>**3. The above-named Defendant's owed Plaintiff a duty to furnish, and provide accurate consumer information in relation to Plaintiff's consumer files.**</u>

<u>**4. The above-named Defendant's breached their duty to Plaintiff by furnishing inaccurate consumer information in breach of the Plaintiff's rights under the FCRA, and the FDCPA.**</u>

<u>**5. Defendant's Arrow Financial Services, L.L.C, and First Premier Bank, fraudulently misrepresented that an account was sold and transferred for value in breach of the Statute of Frauds under 6 DE C. §2711(a).**</u>

<u>**6. Defendant's caused Plaintiff nominal, and compensatory damages, emotional distress and suffering, by wrongfully furnishing and providing inaccurate consumer information in relation to Plaintiff's consumer file.**</u>

**7. As a result of the wrongful actions of the Defendant's, Plaintiff believes that he is entitled to all relief requested in the amended complaint.**

   **WHEREFORE, Plaintiff submits the foregoing amended declaration as attached to foregoing to Plaintiff's amended complaint before this Honorable Court.**

_____          **PLAINTIFF:**

Dated: **June 27, 2012**

                                            **ERRICK M. WRIGHT**
                                            **P.O. BOX 1517**
                                            **WILMINGTON, DE 19899**
                                            **PHONE: 302-468-6149**
                                            **EMAIL: legalmailemw@gmail.com**

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ERRICK M. WRIGHT,                              )
                                               )
            Plaintiff,                         )      C.A. No. 1:09-cv-00612GMS
                                               )
      v.                                       )      JURY TRIAL:
                                               )      JURISDICTION: FEDERAL QUESTION
**ARROW FINANCIAL SERVICES, L.L.C.,**          )      NATURE OF SUIT: FCRA; FDCPA
**FIRST PREMIER BANK, EXPERIAN**               )
**INFORMATION SOLUTIONS, INC.,**               )
**TRANS UNION, LLC, AND EQUIFAX**              )
**INFORMATION SERVICES, LLC,**                 )
                                               )
            Defendants.                        )

## CERTIFICATE OF SERVICE

On this 27th day of June, 2012, I Errick M. Wright do certify that I have served a true and

correct copy of the foregoing Amended Complaint upon the Defendant's, or the Attorney for the

Defendant's, or their respective Representatives at the location and in the manner as follows:

| | | |
|---|---|---|
| DEFENDANT:<br>ATTORNEY: | Arrow Financial Services, L.L.C.<br>Daniel A. Griffith<br>405 King Street, Ste. 500<br>Wilmington, DE 19801 | At: Office of counsel<br>By: Personal service |
| DEFENDANT:<br>ATTORNEY: | First Premier Bank<br>Daniel A. Griffith<br>405 King Street, Ste. 500<br>Wilmington, DE 19801 | At: Office of counsel<br>By: Personal service |
| DEFENDANT:<br>ATTORNEY: | Experian Information Solutions, Inc.<br>Stephen M. Ferguson, et al<br>300 Delaware Ave., Ste 1015 | At: Office of counsel<br>By: Personal service |
| DEFENDANT:<br>ATTORNEY: | Trans Union, LLC<br>Blake A. Bennett<br>1000 W. Street, 10th Floor<br>Wilmington, DE 19801 | At: Office of counsel<br>By: Personal service |

1

DEFENDANT:     Equifax Information Services, LLC     At: Office of counsel
ATTORNEY:      Michael Busenkell                 By: Personal service
                  222 Delaware Ave., Ste. 1501
                  Wilmington, DE 19801

PLAINTIFF:

Dated: June 27, 2012

ERRICK M. WRIGHT
P.O. BOX 51
WILMINGTON, DE 19899
PHONE: 302-468-6149
EMAIL: legalmailemw@gmail.com

2