IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| ERRICK M. WRIGHT, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 09-612-GMS |
| | ) | |
| EQUIFAX, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

### I. INTRODUCTION

The *pro se* plaintiff Errick M. Wright ("Wright") filed this action on August 18, 2009. (D.I. 2.) The case proceeds on the second amended complaint filed on June 27, 2012, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and fraudulent misrepresent-tation under Delaware law.[1] (D.I. 109.) Before the court is a motion for summary judgment (D.I. 125) filed by the defendant Experian Information Solutions, Inc. ("Experian") and Wright's opposition thereto. For the reasons that follow, the court will grant the motion for summary judgment.

### II. FACTUAL AND PROCEDURAL BACKGROUND

The court discusses the claims to the extent they are raised against Experian. Wright states that he is a consumer under the FCRA (D.I. 109, ¶ 29, 31) and that Experian is a business

---

[1] Wright followed his original complaint with an amended complaint. (D.I. 2, 6.) On March 30, 2011, the amended complaint was dismissed upon motion and Wright was given leave to amend within thirty days. (D.I. 72.) He was warned that the case would be closed should he fail to timely amend. Wright filed a motion for leave to amend instead of filing an amended complaint and, due to a docketing error, the motion did not appear pending. (D.I. 74.) Upon review of the court file, Wright was given leave to file a second amended complaint which he filed on June 27, 2012. (*See* D.I. 108, 109.)

organization responsible for accurately reporting consumer information under the FCRA (*id.* at ¶ 34).

Wright alleges that on or about August 1, 2009, Experian and other named defendants, including Equifax Information Services, LLC ("Equifax"), were wrongfully furnished inaccurate consumer information by Arrow Financial Services, L.L.C. ("Arrow") known to be false or misleading and that Arrow failed to disclose notice of collection/validation of debt.[2] (*Id.* at ¶¶ 14, 36, 39) Wright alleges that Experian breached its duty when it failed to follow reasonable procedures to verify the accuracy of the information wrongfully furnished to it by RJM Acquisitions, LLC ("RJM"), Arrow, and the Delaware Federal Credit Union ("DFCU") and to insure one hundred percent accuracy of his consumer file. (*Id.* at ¶¶ 15-16, 43.) Wright alleges that this information consisted of "11 fraudulent accounts" furnished by RJM. (*Id.* at ¶ 16.) The RJM accounts were removed after Wright submitted a dispute to RJM. (*Id.*)

Wright alleges that on or about August 1, 2009, Experian knowingly, willfully, and negligently furnished or reported inaccurate consumer information to sellers or receivers of consumer information contained in his consumer file in violation of 15 U.S.C. § 1681e(b). (*Id.* at ¶ 40.) Wright alleges that Experian negligently reported numerous accounts in default and, as a result, he disputed the information furnished by RJM, Arrow, and the DFCU to Experian. (*Id.* at ¶¶ 41-42.) Wright alleges that even though the disputed information was deleted from his consumer file, Experian's negligent actions caused his credit score to be adversely impacted and restricted his ability to obtain credit, suitable housing, and employment. Wright seeks nominal, compensatory, and statutory damages. (*Id.* at ¶ 43.)

---

[2] Wright named a number of defendants. The only defendants who remain in the case are Experian and Equifax. (*See* D.I. 6, 61, 82, 115, 117, 118, 119.) Experian and Equifax have both answered the second amended complaint. (*See* D.I. 110, 111.)

2

The court entered a scheduling order on February 15, 2013 that provided a discovery deadline of August 15, 2013 and a dispositive motion deadline of October 15, 2013. (*See* D.I. 120.) Experian served discovery and request for admissions upon Wright on June 14, 2013 and July 10, 2013. (*See* D.I. 122, 123, 124.) Wright did not respond or file objections to the discovery requests. The request for admissions asked Wright to admit that: (1) Experian followed reasonable procedures to ensure maximum possible accuracy of the information Experian reported with respect to Wright; (2) Experian conducted reasonable reinvestigations of each and every one of Wright's disputes that is relevant to this lawsuit; (3) at all times relevant to this lawsuit, the information appearing on Wright's credit report was accurate; (4) Experian never acted negligently, willfully or recklessly towards Wright; and (5) Wright was not damaged as a result of any act or omission on the part of Experian. (D.I. 124.)

On October 15, 2013, Experian filed the pending motion for summary judgment. (D.I. 125.) On November 11, 2013, Wright filed a motion for an extension of time to respond to discovery and to file a response to the motion for summary judgment. (D.I. 128.) Experian opposed the motion. (D.I. 129.) In early December 2013 and continuing through July 2014, Wright belatedly responded to Experian's discovery requests and served discovery requests upon Experian and Equifax in derogation of the discovery deadline. (*See* D.I. 130, 133, 134, 135, 136, 139, 140, 141, 142, 146, 147, 148, 154, 156.) In the meantime, Experian moved to strike Wright's delayed responses to the discovery requests. (D.I. 143.) On September 18, 2014, the court denied both motions: Experian's motion to strike and Wright's motion to extend time to respond to discovery. (D.I. 160.) Wright, however, was given time to respond to Experian's motion for summary judgment and he did so on October 20, 2014. (D.I. 161.) At no time did the court reopen discovery.

3

## III. LEGAL STANDARD

The court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). When a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider those facts undisputed for the purpose of the summary judgment motion or grant summary judgment if the motion and supporting materials (including the facts considered undisputed) show that the movant is entitled to it. *See* Fed. R. Civ. P. 56(e). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). However, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. United States Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 322.

Experian moves for summary judgment on the grounds that Wright cannot meet his burden to show that a genuine issue of material fact exists and has admitted that Experian is not liable. Wright opposes the motion on the grounds that Experian neglected its duty to maintain accurate consumer information in his consumer files.

## IV. DISCUSSION

### A. Admissions

Experian seeks summary judgment on the basis that in not answering request for admissions, Wright admitted that Experian met it obligations to him and that he was not damaged. Wright denies that he admitted any request for a response served upon him by Experian. (D.I. 161 at 7.) In addition, he states that there was "unlawful interference of proceedings by [a] non-party . . . withholding of case and discovery materials. (D.I. 161 at 2.)

Experian served requests for admissions upon Wright on July 10, 2013. (D.I. 124.) On November 18, 2013, some four months after the requests were served, after Experian filed its motion for summary judgment, and after the expiration of the discovery deadline, Wright moved for an extension of time to file discovery responses. (D.I. 128.) Even though the motion was denied and discovery was never reopened, on December 13, 2013, Wright filed belated responses to the request for admissions. (*See* D.I. 133.)

Rule 36(a)(3) of the Federal Rules of Civil Procedure provides that a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3); *Schwartzman v. Rogue Int'l Talent Grp., Inc.*, 2013 WL 5948028, at *4 (E.D. Pa. Nov. 7, 2013). It has long been "recognized that deemed admissions are sufficient to support orders of summary judgment." *Kelvin Cryosystems, Inc. v. Lightnin,*

5

252 F. App'x 469, 472 (3d Cir. 2007) (unpublished); *see, e.g., DIRECTV, Inc. v. Jarvis*, 262 F. App'x 413, 416 (3d Cir. 2008) (affirming district court's denial of motion for reconsideration after district court had deemed admitted requests for admissions and granted summary judgment against *pro se* party who had failed to respond); *United States v. Klimek*, 952 F. Supp. 1100, 1103 (E.D. Pa.1997) (deeming admitted requests for admissions and entering judgment against *pro se* defendant who "proffered no excuse for his failure to respond to the Government's . . . requests for admissions").

Here, Wright made no effort to respond to the request for admissions until after Experian filed its motion for summary judgment. By that time, the discovery deadline had expired. Wright's motion requesting additional time to respond to discovery stated that he "had [] difficulty filing a timely response due to technical issues with his computer which ha[ve] been resolved. [Wright] elaborate[s] that an unknown computer virus caused several components of the software within his computer to behave abnormally and its reliability was questionable." (D.I. 128, ¶ 2.) Wright further stated that, "due to the economy, the previous institutions where he could have drafted his response were no longer accessible due to reduction of costs in their budget he was told." (*Id.* at ¶ 3.) He now provides a different explanation: his failure to timely respond was caused by "unlawful interference of proceedings by [a] non-party . . . withholding of case and discovery materials. (D.I. 161 at 2.) Wright belatedly denied each request for admission and denies that he admitted any request for a response served upon him by Experian, without regard to Fed. R. Civ. P. 36(a)(3). (D.I. 133, D.I. 161 at 2.)

Wright's discovery responses, including responses to the request for admissions, all were filed after expiration of the discovery deadline, without leave of court, and without reopening of discovery. Wright could have easily provided handwritten responses to the discovery served

6

upon him, but he did not. Accordingly, the court finds Wright failed to provide good cause for his failure to timely respond to the request for admissions. The court deems admitted the matters addressed in Experian's request for admissions.

B.   **Reasonable Procedures**

The second amended complaint alleges that Experian violated 15 U.S.C. § 1681e(b). Section 1681e(b) penalizes dissemination of inaccurate reports "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report related." 15 U.S.C. 1681e(b). In order to succeed on a § 1681e(b) claim, Wright must establish each of the following four elements: (1) inaccurate information was included in his credit report; (2) the inaccuracy was due to Experian's failure to follow reasonable procedures to assure maximum possible accuracy; (3) he suffered an injury; and (4) his injury was caused by the inclusion of the inaccurate entry. *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010).

"In order to make out a prima facie violation of section [1681e(b)], the [FCRA] implicitly requires that a consumer must present evidence tending to show that a credit reporting agency prepared a report containing 'inaccurate' information." *Schweitzer v. Equifax Info. Solutions LLC*, 441 F. App'x 896, 902 (3d Cir. 2011) (unreported) (quoting *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991). "A report is inaccurate when it is 'patently incorrect' or when it is 'misleading in such a way and to such an extent that it can be expected to [have an] adverse[ ]' effect." *Id.* (citations omitted). Thus, "a consumer report that contains technically accurate information may be deemed 'inaccurate' if the statement is presented in such a way that it creates a misleading impression." *Id.* (quoting *Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142, 148 (4th Cir. 2008)).

7

With respect to the accuracy of consumer data under FRCA, a reasonable procedure is one "that a reasonably prudent person would undertake under the circumstances." *Cortez*, 617 F.3d at 709 (quoting *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)). The issue "is normally a question for trial unless the reasonableness or unreasonableness of the procedures is beyond question." *Seamans v. Temple Univ.*, 744 F.3d 853, 864-65 (3d Cir. 2014) (quoting *Cortez*, 617 F.3d at 709).

Experian argues that summary judgment is appropriate on its behalf given that there is no evidence to support Wright's claim and, more particularly, that Wright admits Experian did not violate the FCRA and has not caused him any damage. Experian reiterates that Wright failed to produce discovery when requested and failed to seek discovery prior to the expiration of the discovery deadline.

Wright relies upon a portion of a 2009 Experian credit report, pages 2 through 7, to support his § 1681e(b) claim that Experian negligently reported eleven accounts in default as furnished by RJM, three accounts by DFCU, and one account by Arrow. (D.I. 161, ex.) The partial report contains an item from Arrow stating that the account information is disputed by the consumer; three items from DFCU, one item has a status "paid, closed" and one item states that payments were made in compliance with the negotiated schedule; and nine items from RJM with one item that states "assumed by another party, no longer my account." Wright argues that the partial credit report is evidence that Experian overlook or ignored documents held within its own client files. He also argues that the evidentiary elements of this case were in a storage unit that he had no access to until June 2014 and that he is prejudiced by Experian's "assumptions that [he] failed to uncover evidence through discovery" because he did not have access to the evidence at the time discovery was served upon him. (D.I. 161 at 6.) Wright's new explanation

does not mitigate the fact that he made no effort towards discovery until after all deadlines set by the court had expired.

The court views the facts in the light most favorable to Wright. In doing so, the court notes that that there is no evidence of record that Experian prepared a report that contained inaccurate information as is required to make a prima facie violation of § 1681e(b). Indeed, Wright admitted that the information appearing on his credit report was accurate. (D.I. 124, Request No. 3, deemed admitted.) Nor does the evidence of record support a finding that Experian violated § 1681e(b). Rather, it is beyond question that Experian followed reasonable procedures to ensure the accuracy of information it reported. (D.I. 124, Request No. 1 deemed admitted); *see also Muskett v. Certegy Check Services*, 2010 WL 2710555, at *5 (D.N.J. July 6, 2010) (granting defendant credit report agency's motion for summary judgment on "reasonable procedures claim" where the plaintiff failed to offer any evidence whatsoever regarding the procedures used by the credit reporting agency, reasonable or otherwise.") Finally, there is no evidence of record that Experian's conduct was negligent and no evidence that Wright was damaged. (D.I. 124, Request Nos. 4, 6 deemed admitted.)

The Court finds that no reasonable jury could find for Wright on the § 1681e(b) reasonable procedures claim. Therefore, the Court will grant Experian's' on this issue.

### C. Reasonable Reinvestigation

Although not raised in the second amended complaint, out of an abundance of caution, Experian moves for summary judgment as to any claims raised as a "reasonable reinvestigation claim pursuant to 15 U.S.C. § 1681i(a). Wright did not address the issue in his opposition.

Under § 1681i(a), credit reporting agencies must promptly conduct a "reasonable reinvestigation" of information in a credit report when a consumer disputes the validity of that

information. There is no evidence before the court that there was inaccurate information on the credit report or that Wright requested that Experian reinvestigate under § 1681i(a). Even were there evidence that Wright sought a reinvestigation, the evidence of record is that Experian conducted a reasonable reinvestigation of each and every one of Wright's disputes relevant to this lawsuit. (D.I. 124, Request No. 2 deemed admitted.) Similar to the reasonable procedures claim, no reasonable jury could find in favor of Wright on a reasonable reinvestigation claim. Therefore, the court will grant Experian's motion for summary judgment on this issue.

## V. STATUS REPORT

As previously discussed, all deadlines have passed. The only defendant that will remain is Equifax. It does not appear that counsel for Equifax has taken any action in this case since it answered the second amended complaint on July 11, 2012. (*See* D.I. 111.) Therefore, Wright and Equifax will be directed to submit a status letter regarding the above-captioned case.

## VI. CONCLUSION

For the above reasons, the court will grant Experian's motion for summary judgment. (D.I. 125.) Wright and remaining defendant Equifax will be ordered to submit a written status letter.

An appropriate order will be issued.

_____
UNITED STATES DISTRICT JUDGE

__Feb 1st_____, 2015
Wilmington, Delaware